

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL ann
XXXXXXXXXX

Hon. Stanley Timmins
County Attorney
Harrison County
Marshall, Texas

Dear Sir:

Attention: Mr. J. M. Henderson, Jr.
Assistant County Attorney

Opinion No. O-1578
Re: Is the constable entitled under
Article 1055, C. C. P., to half
costs on that part of the time
a defendant remains in jail or
works for the county when he so
discharges part of the fine and
pays off a part?

Your request for opinion upon the above question has been received by this department.

We quote from your letter as follows:

"This office finds that in many instances, the Constable places a defendant in jail on a profine, the defendant remains in jail a part of the time and pays the small prorated balance owed and is released. The Constable, as a result, retains a very small part of the payment. Under Article 1055, the Constable is due, from county funds, half costs when defendant is confined to jail or works on county roads or public works. If he works, say for example, eight days, and pays a small fine balance to satisfy his judgment, is the Constable entitled to half his costs, prorated for the time the defendant worked or remained in jail?"

House Bill No. 205, 46th Legislature of Texas, amending Article 1055, Code of Criminal Procedure of Texas, reads as follows:

"Be it enacted by the Legislature of the State of Texas:

"Section 1. That Article 1055 of the Code of Criminal Procedure of Texas, 1925, be amended so that it shall hereafter read as follows:

"Article 1055.

"The county shall not be liable to the
officer and witness having costs in a mis-
demeanor case where defendant pays his fine
and costs. The county shall be liable for
one-half of the fees of the officers of the
Court, when the defendant fails to pay his
fine and lays his fine out in the county
jail or discharges the same by means of work-
ing such fine out on the county roads or on
any county project. And to pay such half of
costs, the County Clerk shall issue his war-
rant on the County Treasurer in favor of such
officer to be paid outof the Road and Bridge
Fund or other funds not otherwise appropriated."

"Sec. 2. The fact that the Forty-fifth
Legislature, at its Regular Session, enacted
House Bill No. 727 containing the exact provi-
sions of this Act, and the further fact that
doubt has been cast on the validity of said
enactment by reason of the Attorney General's
ruling that the caption thereof was and is
defective, rendering said enactment unconsti-
tutional, and the fact that this Bill, as pre-
sented, is merely a correction of House Bill
No. 727 aforesaid and carries out the will
and intent of the Legislature of this State
as heretofore expressed, create an emergency
and an imperative public necessity that the
Constitutional Rule, requiring bills to be
read on three several days in each House, be
and the same is hereby suspended, and that
this Act shall take effect and be in force
from and after its passage, and it is so enacted.

"Approved May 15, 1939.
"Effective May 15, 1939.

Opinion No. O-23 of this Department held
House Bill No. 727, Chapter 408, General and Special
Laws, 45th Legislature of Texas, as attempting to amend
Article 1055, Code of Criminal Procedure, was unconsti-
tutional because of a defective caption.

The caption of said House Bill No. 727, read
as follows:

"An act to amend Article 1055 of the Code
of Criminal Procedure of Texas xxxxxxxxxx relating
xxxxx to the fees paid constables; and declaring an
emergency."

The body of the act was as follows:

"Section 1. Article 1055 of the Code of Criminal Procedure of Texas shall hereafter read as follows:

"'Article 1055. The county shall not be liable to the officer and witness having costs in a misdemeanor case where defendant pays his fine and costs. The county shall be liable for only one-half thereof when defendant has been tried and committed, acquitted, or found guilty and the case appealed; and to pay such half of such legal costs as may have been so taxed, not including commissions, the county judge shall issue his warrant upon the county treasurer in favor of the proper party, and the same shall be paid out of the road and bridge fund or other funds not otherwise appropriated. No costs shall be collected by such officer or witness where the case is dismissed.'"

Prior to the enactment of House Bill No. 727 of the 45th Legislature of Texas, said Article 1055, Code of Criminal Procedure of Texas, read as follows:

"Article 1055. Half costs paid officers - The county shall be liable to each officer and witness having costs in a misdemeanor case for only one-half thereof where the defendant has satisfied the fine and costs adjudged against him in full by labor in the workhouse, on the county farm, on the public roads or upon any public works of the county; and to pay such half of such legal costs as may have been so taxed, not including commissions, the county judge shall issue his warrant upon the county treasurer in favor of the proper party, and the same shall be paid out of the road and bridge fund or other funds not otherwise appropriated. (Acts 1895, page 179)." (underscoring ours)

We now call your attention to the fact that the words "in full" which are found in the above quoted article, are eliminated from and do not appear in House Bill No. 727, 45th Legislature of Texas, and House Bill No. 205, 46th Legislature of Texas.

In the case of Ex Parte Hill, 15 SW 2nd 14, the Court of Criminal Appeals of Texas definitely recognizes the right of a convict to serve part of his time in jail and pay the balance in cash.

In a letter opinion written August 20, 1935, by Hon. Leon Moses, Assistant Attorney General, to Hon.

Hon. Stanley Timmins, Page 4

D. B. Wood, County Attorney, Williamson County (Vol. 368, Letter Opinions of the Attorney General of Texas, page 656), it was held by this Department that in any case in justice courts where the fine and costs are less than $30.00, the proper and reasonable way to allow credit for time spent in jail would be to divide the amount of the fine and costs by ten, which is the minimum number of days that the defendant must serve before being released under Article 920, Code of Criminal Procedure.

Opinion No. 0-1015, of this Department, written by Hon. Benjamin Woodall, Assistant Attorney General, construing Article 920, Code of Criminal Procedure of Texas, clearly recognizes the right of a defendant to lay part of his fine out in jail and pay the balance in cash. We quote from Mr. Woodall's opinion as follows:

"In your letter you used an illustration of a person who was convicted of a misdemeanor (in justice court) and his penalty affixed at a fine of $1.00 and costs of $13.00, making a total of $14.00, stated the convict had served four days in jail, wished to pay the balance of his fine and costs in cash, and thereby obtain immediate relief. In this specific instance we are of the opinion that defendant should be allowed credit of $1.40 per day, which at four days would amount to $5.60. Subtracting the $5.60 as jail credit, from the total amount of $14.00 would leave a balance of $8.40, which should be paid in order to obtain the release of a defendant from custody."

You are therefore respectfully advised that it is the opinion of this department that your question should be answered in the affirmative and it is so answered.

Trusting that this satisfactorily answers your inquiry and with best regards, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

/s/ Wm. J. Fanning
Assistant

WJF:AW:jrb

APPROVED DEC. 1, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS    This opinion considered and
approved in limited conference